UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIQUE D. WILLIAMS,

                     Plaintiff,

        -against-

LOHARD, Officer/Lt of Newburgh NY PD;
JOHN DOE, Officer of Newburgh NY PD; CITY
OF NEWBURGH NY,

                    Defendants.

ORDER OF SERVICE

20-CV-10571 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently detained at Orange County Jail, brings this *pro se* action alleging that

Defendants violated his constitutional rights. By order dated March 15, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

**A.  Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d

Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if

the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil

Procedure generally requires that the summons and complaint be served within 90 days of the date

the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and

complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to
proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

therefore extends the time to serve until 90 days after the date the summons is issued. If the

complaint is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d

Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to

identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause'

for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officer Lohard and the City of Newburgh

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The

Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss

the action if Plaintiff fails to do so.

### B.      *Valentin* **order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

sufficient information to permit the City of Newburgh Police Department ("NPD") to identify the

John Doe defendant Plaintiff seeks to sue herein, namely, the NPD Officer who interacted with

Plaintiff on November 3, 2018, in the City of Newburgh. It is therefore ordered that the City of

Newburgh Corporation Counsel, who is the attorney for and agent of the NPD, must ascertain the

identity and badge number of the John Doe whom Plaintiff seeks to sue herein and the address

where such defendant may be served. Corporation Counsel must provide this information to

Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the complaint amended once the John Doe Defendant is identified. If identified, the Court will issue a subsequent order of service directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Officer Lohard and the City of Newburgh and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Corporation Counsel for the City of Newburgh at: City Hall, Second Floor, 83 Broadway, Newburgh, NY 12250.

SO ORDERED.

Dated:   White Plains, New York
         March 18, 2021

_____
          PHILIP M. HALPERN
          United States District Judge

3

## DEFENDANTS AND SERVICE ADDRESSES

1.    Officer Lohard
       City of Newburgh Police Department
       55 Broadway
       Newburgh, NY 12550

2.    City of Newburgh
       City Hall, Second Floor
       83 Broadway
       Newburgh, NY 12550