UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINIQUE D. WILLIAMS,

                Plaintiff,

-against-

LOHARD, Officer/Lt of Newburgh NY PD, et al.

                Defendants.

**MEMORANDUM OPINION AND ORDER**

20-CV-10571 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Dominique D. Williams ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, commenced this action on December 11, 2020. (*See* Doc. 1, "Compl."). He brings claims of false arrest, false imprisonment, and excessive force against Defendants Officer/Lt. Lohard,[1] Officer Colt Gennarelli[2] (together, the "Individual Defendants"), and the City of Newburgh (the "City," and collectively, "Defendants").

By motion dated June 30, 2021, Defendants moved to dismiss the claim alleged against the City pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 25).[3] Plaintiff did not file any opposition to the motion.[4]

---

[1] Defendants note that this individual's name is Lieutenant Kevin Lahar. (*See* Docs. 13, 14).

[2] Plaintiff initially sued this individual as "Officer John Doe." (*See* Compl.). On April 28, 2021, in light of the City's response to the Court's *Valentin* Order (Doc. 7), the Court deemed Plaintiff's Complaint amended to identify Officer Colt Gennarelli as the John Doe Defendant (Doc. 15).

[3] Defendants did not move to dismiss the claims alleged against the Individual Defendants.

[4] Plaintiff's opposition was due on August 6, 2021. (Doc. 22). The docket indicates that a copy of the Court's Order setting the briefing schedule was mailed to Plaintiff on June 3, 2021. (Doc. 24). On June 30, 2021, Defendants filed affidavits of service indicating service of the motion papers on Plaintiff. (Docs. 28, 29). Plaintiff did not file opposition papers. On August 25, 2021, the Court *sua sponte* extended Plaintiff's time to oppose the motion to September 24, 2021, warned Plaintiff no further extensions would be granted, and cautioned that if Plaintiff failed to file opposition by September 24, 2021, the motion would be deemed fully submitted and unopposed. (Doc. 30). The Court's August 25, 2021 Order was mailed to Plaintiff. (*See*

1

For the reasons set forth below, Defendants' motion to dismiss the claim against the City is GRANTED.

## BACKGROUND

On or about November 3, 2018, Plaintiff presented to St. Luke's Cornwall Hospital in Newburgh, New York with a gunshot wound. (Compl. at 8, 13-14).[5] Plaintiff was later discharged from the hospital and walked home. (*Id*. at 8). As he walked home, an officer "tackled, assaulted [and] beat[ ]" him while other officers watched. (*Id*.). Plaintiff contends that "[b]y no means was this force [and] abuse of power warranted . . . [as Plaintiff] was already sever[e]ly wounded [and] . . . was [not] resisting or pos[ing] any threat." (*Id*.). As a result of the "abuse" by the officers, Plaintiff's wound reopened. (*Id*. at 9).

Plaintiff identified Lt. Lohard and asked for the name of the other officer who was "now behind [him], holding [him] still . . . in handcuffs." (*Id*. at 8). The Individual Defendants did not provide Plaintiff with Officer Gennarelli's name. (*Id*. at 8-9). Lt. Lohard, then "forcefully grabbed, pushed [and] dragged" Plaintiff back to the hospital. (*Id*. at 9). At the hospital, a doctor "re-stitched" Plaintiff's gunshot wound and treated his new injuries. (*Id*.). At some point during this incident with the police, Lt. Lohard "illegally detained" Plaintiff. (*Id*. at 9-10).

This litigation followed.

---

Aug. 26, 2021 Entry). Thus, as is clear from the docket, Plaintiff was sent Defendant's moving papers as well as two additional documents notifying him that Defendants had moved to dismiss the Complaint. Accordingly, the Court deems the motion fully submitted and ripe for adjudication.

[5] On a motion to dismiss, "[t]he Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit." *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011). Thus, in addition to the allegations in the Complaint, the Court considers the medical records attached to the Complaint, as they are integral to Plaintiff's allegations and relied on in his pleading. Citations to the Complaint correspond to the pagination generated by ECF.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often

unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss, as is the case here, "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*,

4

232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the claim challenged on this motion even without the benefit of formal opposition to the motion.

## ANALYSIS

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021). Construing the Complaint liberally, as relevant to the instant motion, Plaintiff's claim against the City is grounded in its liability for the Individual Defendants' alleged constitutional violations under *Monell*. Defendants move to dismiss this municipal liability claim brought against the City under 42 U.S.C. § 1983.

"[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). "Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44

(2d Cir. 1985)). There are several ways in which a Plaintiff can demonstrate that an official policy or custom existed including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Id*. (quoting *Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996)).

Plaintiff's claim against the City fails for lack of facts supporting the existence of a municipal policy or practice. *See, e.g.*, *Smith v. Westchester Cty.*, No. 19-CV-01283, 2019 WL 5816120, at *5 (S.D.N.Y. Nov. 7, 2019) (dismissing *Monell* claim where plaintiff "describe[d] only his own experiences"); *Oriental v. Vill. of Westbury*, No. 18-CV-03878, 2019 WL 4861413, at *4 (E.D.N.Y. Oct. 2, 2019) (dismissing *Monell* claim where "the complaint contain[ed] only a detailed account of plaintiffs' own experiences").

Here, Plaintiff fails to identify an official policy or custom maintained by the City that allegedly subjected Plaintiff to a violation of his constitutional rights. In fact, Plaintiff lists the City as a Defendant in the caption and Complaint (Compl. at 1, 4), but otherwise makes no further mention of the City. The scant references to the City in the Complaint are wholly insufficient for the Court to find that Plaintiff has alleged an official policy or custom maintained by the City that subjected Plaintiff to a violation of his constitutional rights.

Accordingly, the *Monell* claim against the City is dismissed.

**CONCLUSION**

Based on the foregoing, Defendants' partial motion to dismiss is GRANTED and Plaintiff's claim against the City is dismissed.

The Individual Defendants are directed to file an answer to Plaintiff's Complaint within 30 days of the date of this Order.

Plaintiff may file an amended complaint, addressing the pleading deficiencies discussed herein, within 30 days of the date of this Order. Plaintiff is reminded that if he does choose to file an amended complaint, the amended complaint will completely replace, not supplement, the original complaint, and any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. In the event that Plaintiff does not file an amended complaint within 30 days, this case will proceed on the claims alleged in the Complaint against the Individual Defendants.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 25), terminate the City of Newburgh as a Defendant in this action, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

Dated: White Plains, NY
　　　　January 27, 2022

SO ORDERED.

_____
Philip M. Halpern, U.S.D.J.