Scott D. Bergin
Richard R. DuVall
Lance N. Portman
Richard J. Olson
Matthew V. Mirabile
Kimberly Hunt Lee
Rebecca M. Blahut
Daniel C. Stafford
Thomas J. Cummings
Tinamarie Fisco
Nicholas Tarkazikis

*Of Counsel*
David L. Posner
Ellen L. Baker
Hon. Albert M. Rosenblatt
Mary E. Tokarz

John E. Mack *1874-1958*
Joseph A. McCabe *1890-1973*
Edward J. Mack *1910-1998*
Joseph C. McCabe *1925-1981*
J. Joseph McGowan *1936-2022*



**McCABE & MACK LLP**
ATTORNEYS AT LAW
mccm.com

Direct Dial: (845) 486-6874
E-mail: dposner@mccm.com

August 24, 2022

**VIA ECF**
Hon. Philip M. Halpern
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE: Williams v. City of Newburgh, et al
7:20-cv-10571 (PMH)(PED)
Our File No. 7969-140

Dear Judge Halpern:

> Application granted. Defendants may file and serve the contemplated preclusion motion by 9/30/2022. Plaintiff's opposition thereto shall be filed and served by 10/28/2022. Defendants' reply, if any, shall be filed and served by 11/14/2022.
>
> The Clerk of Court is respectfully requested to mail a copy of this order to plaintiff.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> August 24, 2022

This office represents the defendants and I write with respect to plaintiff's failure to respond to their interrogatories and document demands.

During the May 17, 2022 conference, plaintiff was directed to provide responses, together with a HIPAA release, by June 7, 2022 (see Dkt. No. 41). While he did provide the HIPAA release, Mr. Williams has not responded to the discovery demands. On July 27, 2022 a further written request to him, with additional copies of the discovery demands, requested compliance with Your Honor's order. (See attached). To date, there has been no response.

It is respectfully requested that Your Honor waive the requirements that the parties "meet and confer" contained in F.R.Civ.P. Rule 37 as well as Your Rule 4(D) in light of Mr. Williams' *pro se* status as an incarcerated prisoner and, more particularly, defendants' July 27th letter. Further, in light of the clear directive in Your Honor's order it is respectfully requested that a further discovery conference is not appropriate and defendants be given leave to file a preclusion motion based upon Mr. Williams' failure to provide the required responses. Copies of the interrogatories and document demands are also attached.

August 24, 2022
Page 2

Thank you very much for Your Honor's consideration to this request.

Respectfully yours,

McCABE & MACK LLP

DAVID L. POSNER

DLP/dmf
encs.
cc:	Dominique Williams, *Pro Se*

Scott D. Bergin
Richard R. DuVall
Lance N. Portman
Richard J. Olson
Matthew V. Mirabile
Kimberly Hunt Lee
Rebecca M. Blahut
Daniel C. Stafford
Thomas J. Cummings
Tinamarie Fisco
Nicholas Tarkazikis



*Of Counsel*
David L. Posner
Ellen L. Baker
Hon. Albert M. Rosenblatt
Mary E. Tokarz

John E. Mack *1874-1958*
Joseph A. McCabe *1890-1973*
Edward J. Mack *1910-1998*
Joseph C. McCabe *1925-1981*
J. Joseph McGowan *1936-2022*

Direct Dial: (845) 486-6874
E-mail: dposner@mccm.com

July 27, 2022

Dominique Williams
21A2809
Green Haven Correctional Facility
594 NY-216
Stormville, NY  12582

RE: Williams v. City of Newburgh, et al
Our File No. 7969-140

Dear Mr. Williams:

While you did sign and return a release for your medical records you have not yet responded to the interrogatories and demand for documents that were forwarded to you many months ago.  You may recall the court directed that you do so within 3 weeks and that time has long expired.

Enclosed is a duplicate copy of those discovery demands and please respond to them within a week of their receipt.  If we do not hear from you within that time frame, I will be forced to ask the judge for further relief.

Very truly yours,

McCABE & MACK LLP

DAVID L. POSNER

DLP/dmf
encs.

7969-140/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DOMINQUE WILLIAMS,

                                    Plaintiff,

    -against-

OFFICER/LT. LOHARD of NEWBURGH, NEW YORK
POLICE DEPARTMENT, OFFICER COLT GENNARELLI of  7:20-cv-10571-PMH
NEWBURGH, NEW YORK POLICE DEPARTMENT, CITY
OF NEWBURGH, NEW YORK,

                                      Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' FIRST DEMAND FOR INTERROGATORIES TO PLAINTIFF**

      Pursuant to Federal Rules of Civil Procedure 33 and Local Rule 33.3, defendants demand plaintiff respond to the following interrogatories within thirty (30) days of the date of service thereof.

### I. DEFINITIONS

      "Communication" means any contact, whether in person, in writing, by telephone, electronically or any other method, whereby knowledge, facts or information is parted or transmitted from one person or entity to another or to a file, or to an accounting machine, computer or other data storage or transmission device.

      "Document" means any written, printed, recorded or graphic matter, photographic matter or sound reproduction, including letters, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, ledgers, computer printouts, statements, affidavits, reports, abstracts, agreements, contracts, calendars, drafts,

7969-140/dmf

drawings, motion pictures, slides, photographs, sketches, charts, graphs, and other similar objects, and shall also include any kind of transcript, transcription or recording of any conversation, oral statement or presentation of any kind.

"Identify" with respect to communications means to state with specificity the date, place, form of communication (i.e. the person, writing, by telephone or any other method), the title, business address and phone number of the person(s) initiating the communication and each person participating in the communication and the substance of the communication. With respect to persons or entities, "identify" means to state with specificity the name, present or last known business address and phone number of the person or entity.

"Reflecting" means embodying, containing, recording, noting, referring to, relating to, relevant to, describing or mentioning.

"Plaintiffs" means, unless otherwise noted, any plaintiff individually or together with any other plaintiff or plaintiffs.

If the answer to any interrogatory is made by reference to any document, annex a copy.

1.      Identify all non-police witnesses to plaintiff's interaction with "Lohard" and "Doe" alleged in the complaint.

7969-140/dmf

    2.    Identify all witnesses to plaintiffs' first and second treatment at St. Luke's Hospital as alleged in the complaint.

    3.    Set forth the physical injuries plaintiff alleges he sustained during his interaction with "Lohard" and Doe".

    4.    Set forth if plaintiff has received medical treatment for any injury - physical or emotional/psychiatric - allegedly sustained during the incidents set forth in the complaint and if so identify the names and addresses of the medical provider(s).

    5.    Set forth if plaintiff is continuing to receive medical treatment for any injury - physical or emotional/psychiatric - allegedly sustained during the incident set forth in the complaint and if so identify the names and addresses of the medical provider(s) and condition being treated.

    9.    Set forth the location and custodian of any photographs depicting any injuries plaintiff allegedly sustained.

    10.    Identify separately by name, last known business and residence address

7969-140/dmf

and telephone numbers each expert witness plaintiff will call to testify at trial on the issue of liability and damages, including physical, psychological and emotional injuries, and provide all information required by Rule 26.

11. Identify the custodian and location of all cell phone or non-police video recordings of the events alleged in the complaint.

DATED: Poughkeepsie, New York
March 18, 2022

Yours, etc.

McCABE & MACK LLP

By: _____

David L. Posner (0310)
*Attorneys for Defendants Officer/Lt. Lahar, s/h/a Officer/Lt. Lohard and Officer Colt Gennarelli*
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602-0509
Tel: (845) 486-6800

TO: DOMINIQUE WILLIAMS, *Pro Se*
21A2809
Great Meadow Correctional Facility
11739 State Route 22
PO Box 51
Comstock, NY 12821-0051

7969-140/dmf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DOMINQUE WILLIAMS,

                        Plaintiff,

-against-

OFFICER/LT. LOHARD of NEWBURGH, NEW YORK
POLICE DEPARTMENT, OFFICER COLT GENNARELLI of
NEWBURGH, NEW YORK POLICE DEPARTMENT, CITY
OF NEWBURGH, NEW YORK,

                        Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' FIRST DEMAND FOR PRODUCTION OF DOCUMENTS**

7:20-cv-10571-PMH

      Pursuant to Federal Rules of Civil Procedure 34, defendants demand plaintiff produce the following documents within thirty (30) days of the date of service thereof.

## I.  DEFINITIONS

      "Communication" means any contact, whether in person, in writing, by telephone, electronically or any other method, whereby knowledge, facts or information is parted or transmitted from one person or entity to another or to a file, or to an accounting machine, computer or other data storage or transmission device.

      "Document" means any written, printed, recorded or graphic matter, photographic matter or sound reproduction, including letters, memoranda, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, ledgers, computer printouts, statements, affidavits, reports, abstracts, agreements, contracts, calendars, drafts, drawings, motion pictures, slides, photographs, sketches, charts, graphs, and other similar

7969-140/dmf

objects, and shall also include any kind of transcript, transcription or recording of any conversation, oral statement or presentation of any kind.

"Reflecting" means embodying, containing, recording, noting, referring to, relating to, relevant to, describing or mentioning.

"Identify" with respect to communications means to state with specificity the date, place, form of communication (i.e. the person, writing, by telephone or any other method), the title, business address and phone number of the person(s) initiating the communication and each person participating in the communication and the substance of the communication. With respect to persons or entities, "identify" means to state with specificity the name, present or last known business address and phone number of the person or entity.

"Plaintiffs" means, unless otherwise noted, any plaintiff individually or together with any other plaintiff or plaintiffs.

## II. GENERAL INSTRUCTIONS

Plaintiffs are to make the documents requested available for inspection and copying by defendants or their representative at the offices of M<sup>c</sup>Cabe & Mack LLP, 63 Washington Street, Poughkeepsie, New York or at such location as parties may mutually agree. In the

7969-140/dmf

event more than one copy of a document exists, the original shall be produced as well as every copy on which appears any notations or markings of any sort not appearing on the original.

If any documents are not produced on account of privilege or for any other reason, plaintiff shall provide to counsel for defendants a list of such documents, showing the author, recipient, date, subject, number or pages, and reasons for non-production. For any documents which are maintained in files, insofar as possible, the documents shall be produced in such a manner as to preserve the identity of the source of the documents. Unless otherwise indicated, only documents created or received after May 1, 1990 through the date of compliance with this request are to be produced.

## DOCUMENTS TO BE PRODUCED

1. Photographs of injuries plaintiff allegedly received as a result of defendants' conduct.

2. Video or other photographic or documentary evidence depicting the incident.

3. Set forth whether plaintiff has consulted with any medical or mental health provider for any condition alleged to have been caused by the conduct of the defendants set forth in the amended complaint and, if so, set forth the dates of each consultation and the nature of the conditions being treated. Unrestricted HIPAA compliant authorizations to obtain records from each medical provider identified is provided for St. Luke's Hospital and Orange County Jail. Sign these where indicated and return.

6. Written statements from either defendant or past or present employee of Newburgh with respect to any issue raised in this lawsuit. If plaintiff alleges knowledge of

7969-140/dmf

oral statements set forth by and to whom made and set forth the content of each statement.

DATED: Poughkeepsie, New York
March 18, 2022

                                                  Yours, etc.

                                                  McCABE & MACK LLP

                                                  By: _____
                                                        David L. Posner (0310)
                                                 *Attorneys for Defendants Officer/Lt. Lahar, s/h/a*
                                                 *Officer/Lt. Lohard and Officer Colt Gennarelli*
                                                 63 Washington Street
                                                 P.O. Box 509
                                                 Poughkeepsie, NY 12602-0509
                                                 Tel: (845) 486-6800

TO:     DOMINIQUE WILLIAMS, *Pro Se*
         21A2809
         Great Meadow Correctional Facility
         11739 State Route 22
         PO Box 51
         Comstock, NY  12821-0051