UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMINIQUE D. WILLIAMS,

                            Plaintiff,

v.                                            **ORDER GRANTING**
                                               **PRO BONO COUNSEL**
LOHARD, Officer/Lt of Newburgh NY PD,
et al.,                                           20-CV-10571 (PMH)

                         Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On January 17, 2023, plaintiff filed an application for the Court to request pro bono counsel. (Doc. 62). For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. Doc. 5). When plaintiff filed his Application for the Court to Request Counsel, Plaintiff affirmed that his financial status had not changed. (Doc. 62). Plaintiff therefore qualifies as indigent.

Plaintiff asserts claims of false arrest, false imprisonment, and excessive force under 42 U.S.C. § 1983, alleging that as he walked home from the hospital after treatment for a gunshot wound, an officer tackled, assaulted, and beat him while other officers watched. As a result of this force, plaintiff's wound reopened. Plaintiff alleges he was forcefully dragged back to the hospital where his new injuries were then treated.

Defendants moved to dismiss this action insofar as alleged against the City of Newburgh. That motion was granted by Memorandum Opinion and Order dated January 27, 2022 (Doc. 31), but the case proceeded on the claims alleged in the Complaint against the individual, remaining defendants. As plaintiff's claims against Defendants have not been tested by motion to dismiss, and taking plaintiff's allegations as true and with the special solicitude afforded *pro se* litigants, the Court finds that plaintiff's claim does appear "likely to be of substance." *Hodge*, 802 F.2d at 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting plaintiff's application. Plaintiff has recently indicated in discovery responses that there are photos and/or videos of the subject incident which have yet to be produced to defendants and the Court has extended the time for defendants to conduct non-party discovery as identified by plaintiff in his discovery responses. Should the Court permit summary judgment motion practice, and/or if this matter proceeds to trial, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is GRANTED.

The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If an attorney volunteers, the attorney will

3

contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 62), and mail a copy of this order to plaintiff.

SO ORDERED.

Dated:   White Plains, New York
         January 20, 2023

                                                    _____
                                                    PHILIP M. HALPERN
                                                    United States District Judge