# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

> Application granted. Discovery is reopened, for good cause shown and on consent of Defendants, with a deadline of July 31, 2023. The Court will separately docket an Amended Civil Case Discovery Plan and Scheduling Order. In light of the reopening of discovery and representations made by counsel concerning Plaintiff's forthcoming responses to Defendants' outstanding discovery requests, Defendants' pending motion for sanctions (Doc. 50) is denied without prejudice to renewal. The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 50, Doc. 74).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         March 28, 2023

**Via ECF**

The Honorable Philip M. Halpern
United States District Judge
The Honorable Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re: Williams v. Lohard et al., 7:20-cv-10571 (PMH)**

Dear Judge Halpern:

We represent Plaintiff Dominique Williams ("Plaintiff") in the above-captioned case. We write pursuant to Paragraph 1.C of Your Honor's Individual Practices in Civil Cases to request that discovery be reopened, with a deadline of July 31, 2023.

## I. Background

This civil rights action arises from a November 2018 assault on Plaintiff by Newburgh, New York police officers Kevin Lahar and Colt Gennarelli.[1] Plaintiff asserts claims of excessive force, false arrest, and false imprisonment pursuant to 42 U.S.C. § 1983.

Plaintiff filed his complaint on December 11, 2020, and litigated the case *pro se* until he retained Covington & Burling LLP as *pro bono* counsel on March 16, 2023. Because Plaintiff was proceeding as a *pro se* inmate until last week, he lacked the expertise and practical ability to obtain discovery from Defendants or any third-party witnesses before the deadlines set by the Court's Civil Case Discovery Plan and Scheduling Order. Dkt. 42. The Order set an August

---

[1] The Complaint used a different, inaccurate spelling of Defendant Kevin Lahar's name.

COVINGTON

The Honorable Philip M. Halpern
March 28, 2023
Page 2

22, 2022 deadline for the completion of fact discovery, and an October 6, 2022 deadline for the completion of expert discovery. Both deadlines predated Plaintiffs' engagement of counsel.

When Plaintiff did not timely respond to a March 18, 2022 document and interrogatory request propounded by Defendants, the Court extended Plaintiff's time to respond to Defendants' demands until January 19, 2023. Dkt. 60. Plaintiff responded to the requests on January 6, 2023, but Defendants, while admitting that Plaintiff "ha[d] technically complied with the [C]ourt's directive," maintained that the responses were deficient and discovery was still incomplete. Dkt. 63. The Court granted defendants leave to complete outstanding non-party discovery until March 24, 2023; no similar relief was provided to Plaintiff. Dkt. 64.

Plaintiff's discovery deadline has passed. Due to his incarceration and unfamiliarity with the litigation process, Plaintiff did not conduct any discovery. Plaintiff's *pro bono* counsel has conferred with defense counsel regarding Plaintiff's request to reopen discovery with a deadline of July 31, 2023. Defendants consent to the request.

## II.   Motion to Reopen Discovery

"The decision to re-open discovery is within a district court's discretion." *Krawec v. Kiewit Constrs. Inc.*, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013); *see also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (acknowledging that district courts have "broad discretion to direct and manage the pre-trial discovery process"). "In deciding whether to reopen discovery, courts consider whether good cause exists," which is informed by factors including "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery . . . , (5) the foreseeability of the need for additional discovery . . . , and (6) the likelihood that the discovery will lead to relevant evidence." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2001).

**COVINGTON**

The Honorable Philip M. Halpern
March 28, 2023
Page 3

Here, good cause exists to reopen discovery to allow Plaintiff to seek limited written discovery and depose the Defendants in this case. Before obtaining *pro bono* counsel, Plaintiff lacked the expertise and resources to request documents or depose any witnesses in the case. Now that counsel has been retained, allowing the requested discovery to proceed will facilitate the parties' development of the record and ensure the efficient presentation of evidence at trial. *See Jones v. Hirschfield*, 2003 WL 21415323, at *3 (S.D.N.Y. June 19, 2003) (reopening discovery because allowing an "underdeveloped" case to proceed to trial "would be inefficient and not in the interests of justice"). Indeed, if Plaintiff's counsel can depose Defendants before trial, Plaintiff can ensure that his cross-examinations are narrowly focused on the facts in dispute, thereby shortening the length of trial. This discovery may also assist the parties in evaluating this matter for settlement purposes.

In addition to judicial efficiency, numerous other factors counsel in favor of reopening discovery. In particular:

- Trial in this matter is not "imminen[t]," and thus allowing depositions to proceed will not require further changes to the case schedule. *Krawec*, 2013 WL 1104414, at *8.

- Defendants are not "prejudiced" by Plaintiff's request. To the contrary, "having taken only one deposition [in the case] and defended none, and having produced few documents" Defendants "ha[ve] expended minimal resources on discovery to date." *Young v. Sw. Airlines Co.*, 2016 WL 3257008, at *3 (E.D.N.Y. May 4, 2016).

- Plaintiff has acted diligently. Plaintiff seeks to reopen discovery less than two weeks after *pro bono* counsel filed their notices of appearance. *See id.* (observing that plaintiff's "diligence" was "evidenced by the fact that she sought leave to reopen discovery shortly after obtaining counsel").

- Finally, the requested discovery will "lead to relevant evidence," *Bakalar*, 851 F. Supp. 2d at 493, including testimony about the November 4, 2018 interaction between Plaintiff and Defendants.

**COVINGTON**

The Honorable Philip M. Halpern
March 28, 2023
Page 4

Faced with similar requests, courts have routinely reopened discovery. *See, e.g.*, *Fleming v. Stradford*, 2018 WL 1033234, at *21 (S.D.N.Y. Feb. 22, 2018) (reopening discovery to allow a formerly *pro se* plaintiff to obtain records is not error where "the Court concluded that Plaintiff had conducted little if any discovery—very likely because of his incarcerated *pro se* status—and that a fairer trial would ensue if the parties were able to conduct limited discovery"); *Brown v. Victor*, 2017 WL 130266, at *3 (W.D.N.Y. Jan. 13, 2017) (reopening discovery to allow a formerly *pro se* inmate to depose "the named defendants" and multiple "non-party medical staffers"); *Shapard v. Attea*, 2015 WL 866892, at *1-2 (W.D.N.Y. Mar. 2, 2015) (reopening discovery to allow plaintiff to take depositions after counsel appeared on *pro se* inmate's behalf); *Barlow v. Male Geneva Police Officer Who Arrested Me on Jan. 2005*, 2013 WL 792762, at *6 (W.D.N.Y. Mar. 4, 2013) (observing that discovery had been reopened to allow plaintiff to take depositions after counsel appeared on *pro se* plaintiff's behalf).

For all of these reasons, Plaintiff respectfully requests the opportunity to depose both Defendants, and to serve up to ten (10) interrogatories and up to (10) requests for production on each of the individual defendants in this case. Plaintiff wishes to proceed as efficiently as possible, and thus he proposes limiting each deposition to four hours on the record and is willing to conduct up to two depositions per day. Plaintiff further proposes to serve his interrogatories and requests for production by no later than April 7, 2023.

Plaintiff further respectfully requests the opportunity to conduct non-party discovery with respect to Montefiore St. Luke's Cornwall Hospital (the "Hospital") and certain current and/or former employees thereof, the City of Newburgh Police Department, former City of Newburgh Police Officer Carlos Canario, the Newburgh Police Community Relations and Review Board ("PCRRB"), the Town of Newburgh Police Department, the Town of New

**COVINGTON**

The Honorable Philip M. Halpern
March 28, 2023
Page 5

Windsor Police Department, the New York State Police, the Orange County Sheriff's Office, and the Orange County District Attorney's Office ("DA's Office")—all of which are likely to have information relevant to the central factual questions at issue in this case.[2] Specifically, Plaintiff has reason to believe that his treating physician and Hospital staff may offer evidence of the injury caused by Defendants' conduct, and that the Hospital may possess security footage or other documentation of the incident. Plaintiff further has reason to believe that the City of Newburgh Police Department, the Town of Newburgh Police Department, the Town of New Windsor Police Department, the New York State Police, the Orange County Sheriff's Office, and the DA's Office may possess records related to Defendants' assault and false arrest of Plaintiff. Moreover, Plaintiff has reason to believe the City of Newburgh Police Department, the PCRRB, and the DA's Office may possess evidence of Defendants' prior misconduct, which, depending on the nature of such evidence, is potentially admissible under Fed. R. Evid. 404(b) to show Defendants' motive, intent, knowledge, or absence of mistake. Plaintiff is prepared to serve subpoenas on each of these non-parties, and will do so as soon as permitted. Again, Plaintiff proposes limiting any non-party depositions to four hours on the record and is willing to conduct up to two depositions per day.

Plaintiff is working on providing responses to Defendants' outstanding discovery requests. Plaintiff recognizes that, depending upon the information disclosed by witnesses

---

[2] Plaintiff anticipates that he may depose Carlos Canario, whose incident report indicates he interacted with Plaintiff at the hospital, as well as certain Hospital staff that were involved in Plaintiff's treatment or otherwise witnessed the assault and Plaintiff's resulting injuries. While he reserves his rights pursuant to Rule 30(b)(6), Plaintiff at this point anticipates conducting only document discovery of the Hospital, the City of Newburgh Police Department, the PCRRB, the Town of Newburgh Police Department, the Town of New Windsor Police Department, the New York State Police, the Orange County Sheriff's Office, and the DA's Office. If additional witnesses are identified through this document discovery, Plaintiff reserves his rights to seek additional depositions of those witnesses as appropriate.

**COVINGTON**

The Honorable Philip M. Halpern
March 28, 2023
Page 6

regarding the existence, if any, of relevant documentary and/or video evidence, Defendants may desire to take certain non-party depositions. Plaintiff has no objection to such discovery.

Pursuant to Paragraph 1.C of Your Honor's Individual Practices in Civil Cases, Plaintiff has attached to this letter a proposed revised Civil Case Discovery Plan and Scheduling Order.

\* \* \*

We thank the Court for its attention to this matter and are available for a conference should the Court so desire.

Respectfully submitted,

/s/ Kevin Coleman

cc: David Lewis Posner, Kimberly Hunt Lee (via ECF)