# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building

> Application granted. Exhibits 10, 19, and 20 shall be filed under seal in the manner and to the extent described in plaintiff's letter-motion. Accordingly, the redacted documents (Doc. 153) shall remain the publicly-filed version of the exhibits, and the unredacted version (Doc. 154) shall remain under seal.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
> July 16, 2024

**Via ECF**

The Honorable Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and U.S. Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:  *Williams v. Lahar et al.*, 7:20-cv-10571 (S.D.N.Y.) (PMH)

Dear Judge Halpern:

We represent Plaintiff Dominique Williams ("Plaintiff") in the above-captioned case. We write pursuant to Paragraph 5 of Your Honor's Individual Practices in Civil Cases to request leave to file two exhibits under seal in connection with Plaintiff's opposition to Defendant Hughes' motion for summary judgment. Both exhibits pertain to Plaintiff's medical history and describe his then-present physical condition and treatment received at Montefiore St. Luke's Cornwall Hospital in Newburgh, New York. In accordance with Your Honor's Individual Practices in Civil Cases, Plaintiff also seeks the Court's approval to redact sensitive and irrelevant information from another exhibit. Plaintiff has met and conferred with counsel for Defendant Hughes about these sealing and redaction requests, and Defendant Hughes consents to Plaintiff's application.

Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), judicial records may be filed under seal when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120. Pursuant to this standard, courts in this Circuit "generally treat[] medical records as confidential," *Hand v. N.Y. City Transit Auth.*, 2012 WL 3704826, at *5 (S.D.N.Y. Aug. 26, 2012), and "routinely" permit the filing of "medical records under seal," *Wheeler-Whichard v. Doe*, 2010 WL 3395288, at *7 (N.D.N.Y. Aug. 25, 2010); *see also United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records.").

Here, confidential treatment of Plaintiff's medical records is merited under *Lugosch* and its progeny. Exhibit 19 is a medical record reflecting Plaintiff's medical treatment at St. Luke's; it includes (among other items) detail on Plaintiff's injuries and symptoms, medical procedures performed and their results, and details on the medications provided to Plaintiff at St. Luke's. Exhibit 19 also contains a brief reference to a prior medical diagnosis that is not relevant to this action. Plaintiff requests that Exhibit 19 be sealed in its entirety.

**COVINGTON**

The Honorable Philip M. Halpern
July 9, 2024
Page 2

Exhibit 20 contains details about Plaintiff's injuries, symptoms, and treatment upon his return to St. Luke's approximately one hour after his apprehension by Hughes.  Plaintiff recognizes that pages 12-13 of the records in Exhibit 20 were filed in connection with Plaintiff's original complaint (Dkt. No. 1).  And the parties have agreed that pages 14-15 of Exhibit 20 (with Plaintiff's date of birth redacted) contain no sensitive information beyond that which is already public in this matter.  Thus, Plaintiff seeks to seal only Pages 1-11 and 16-20 of Exhibit 20.

Plaintiff also seeks the Court's permission to retain redactions of home addresses and hospital chart identification numbers in Exhibit 10, a November 4, 2018 police report from City of Newburgh Officer Robert Romano.  *See, e.g., Abbey v. 3F Therapeutics, Inc., 2010 WL 11677681*, at *1-2 (S.D.N.Y. Aug. 3, 2010) (granting motion to seal home address and financial account numbers); *N. Shore Med. Ctr., Inc. v. Cigna Health & Life Ins. Co.*, 2021 WL 3419356, at *4 (S.D. Fla. May 10, 2021) (indicating that a "patient identification number" may warrant filing under seal).  This sensitive, personal information bears no relevance to the issues before the Court and the public interest is in no way advanced by its disclosure.  Pursuant to Paragraph 5 of Your Honor's Individual Practices in Civil Cases, Plaintiff has filed an unredacted version of Exhibit 10 with Plaintiff's redactions highlighted.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Kevin Coleman

cc:      Daniel S. Kirschbaum, David Lewis Posner, Kimberly Hunt Lee (via ECF)