UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINIQUE WILLIAMS,

               Plaintiff,

       -against-

New York State Trooper MATTHEW HUGHES,
in his individual capacity,

              Defendant.

**OPINION & ORDER**

20-CV-10571 (PMH)

PHILIP M. HALPERN, United States District Judge:

Before the Court is a motion to vacate taxation of costs filed by Dominique Williams ("Plaintiff"). (Doc. 233). Matthew Hughes ("Defendant") was awarded costs in the amount of $4,844.99 (Doc. 230) after a jury found he was not liable for false arrest or excessive force in violation of the Fourth Amendment (Doc. 219). Plaintiff filed the instant motion on December 29, 2025 (Doc. 233; Doc. 234, "Pl. Br."; Doc. 235). Defendant filed opposition on January 15, 2026 (Doc. 236, "Def. Br."), and Plaintiff filed reply on January 26, 2026 (Doc. 236, "Reply"). The Court assumes the parties' familiarity with the background of this case.

For the reasons stated below, Plaintiff's motion is denied.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). However, the "award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citing *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984)). Accordingly, "the losing party has the burden to show that

costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (first citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592-93 & n.15 (9th Cir. 2000) (en banc); and then citing *Cantrell v. Int'l Bd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (en banc)). "[A] district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* (citing *McGill v. Faulkner*, 18 F.3d 456, 459-60 (7th Cir. 1994)). Furthermore, "[d]ue to the strong presumption that costs are awarded to the prevailing party, the losing party bears the burden of convincing the district court to exercise its discretion in denying an award of costs." *Seagrape Investors, LLC v. Tuzman*, No. 19-CV-09736, 2024 WL 3862033, at *9 (S.D.N.Y. July 11, 2024) (quoting *Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A.*, No. 06-CV-06510, 2011 WL 2893087, at *6 (S.D.N.Y. July 14, 2011)).

## ANALYSIS

Plaintiff does not dispute the amount of Defendant's costs. (*See* Pl. Br.; Reply). Instead, Plaintiff argues that this Court should vacate the Clerk's taxation of costs because: (1) he is indigent; (2) he pursued this action in good faith, and the issues were close; (3) the imposition of costs would chill other civil rights litigants; and (4) there is significant economic disparity between Defendant and Plaintiff. (Pl. Br. at 3-7; Reply at 3-7). [1] However, these factors, even in combination, do not warrant vacatur of costs. *See, e.g.*, *Wray v. City of New York*, No. 01-CV-04837, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 3, 2007) ("There is no dispute that plaintiff brought this action in good faith, nor that he is indigent. However, these factors alone are insufficient to

---

[1] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

overcome the usual rule of awarding costs to the prevailing party.”). Plaintiff has failed to meet his burden of convincing this Court to exercise its discretion and deny Defendant’s award of costs.

Defendant does not dispute that Plaintiff is indigent but argues that Plaintiff’s indigency “is not dispositive.” (Def. Br. at 2). The Court agrees. “[A] district court *may* deny costs on account of a losing party’s indigency, but indigency *per se* does not automatically preclude an award of costs.” *Whitfield*, 241 F.3d at 270 (emphasis added) (citing *McGill*, 18 F.3d at 459-60). Indeed, although Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 expressly provides that “[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . .” 28 U.S.C. § 1915(f)(1). Thus, “if indigency alone were enough to deny costs, the language of § 1915 would be rendered meaningless and the reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted.” *Ahmad v. E. Ramapo Cent. Sch. Dist.*, No. 09-CV-01440, 2018 WL 3222543, at *3 (S.D.N.Y. July 2, 2018) (citation modified). The Court therefore declines to exercise its discretion to vacate the award of costs to Defendant on the grounds that Plaintiff is indigent.

Further, while Defendant does not dispute that Plaintiff pursued this action in good faith, (*see* Def. Br.), that “does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith,” *Knight v. City of New York*, No. 16-CV-07888, 2019 WL 3759389, at *2 (S.D.N.Y. Aug. 8, 2019) (quoting *Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03-CV-01298, 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005)). So too, that Plaintiff’s claims survived dispositive motions does not require this Court to vacate costs. *See In re Mylan N.V. Secs. Litig.*, No. 16-CV-07926, 2025 WL 315822, at *2 (S.D.N.Y. Jan. 28, 2025) (“[T]hat Section 1920 and Local Rule 54.1 explicitly contemplate the award of costs for expenses incurred at trial undercuts Plaintiffs’ contention that proceeding past dispositive motions constitutes a sufficient

basis for denying the award of costs."). Although courts have, in some instances, denied awards of costs where the issues were close and the plaintiff was indigent, good faith and the closeness of the case do not ordinarily warrant denial of costs. *Compare Washburn v. Fagan*, No. C03-00869, 2008 WL 361048, at *3 (N.D. Cal. Feb. 11, 2008) ("The closeness of the case also leads the Court to conclude that an award of costs would be inequitable in this situation."), *with Williams v. Colatosi*, No. 97-CV-00417, 2001 WL 913922, at *2 (S.D.N.Y. Aug. 13, 2001) ("[Plaintiff's] allegations that he is indigent and that his suit was meritorious do not require this Court to vacate the award of costs.").

Plaintiff's argument that awarding costs to Defendant would have a "chilling effect" on civil rights plaintiffs, (Pl. Br. at 6-7), likewise does not warrant denial of costs. "Civil rights plaintiffs already have substantial protection against the possible financial consequences of an unsuccessful action through the narrow construction placed on 42 U.S.C. § 1988." *Wray*, 2007 WL 2908066, at *1. Further, Congress could exclude civil rights plaintiffs "from the reach of Rule 54(d)(1)" if it so chooses but has elected not to do so. *Id.* As Defendant argues, (Def. Br. at 5), "the Court must balance" any potential chilling effect "against the fact that '[i]f the court fails to award costs, the prevailing party is punished,' and 'that should not occur unless there is a reason to do so.'" *Jo v. JPMC Specialty Mortg. LLC*, 506 F. Supp. 3d 149, 155 (W.D.N.Y. 2020) (quoting *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 308 F. Supp. 2d 148, 150 (W.D.N.Y. 2004)). Here, the Court finds that the balance tips in favor of awarding costs to Defendant.

Finally, Plaintiff argues that the economic disparity between Plaintiff and Defendant warrants denying an award of costs to Defendant. (Pl. Br. at 7; Reply at 4-5). This argument is without merit. *See, e.g.*, *Dejesus*, 2005 WL 957389, at *2 ("[T]his Court joins many other courts in rejecting plaintiff's argument that the disparity in wealth between himself and the defendant

4

militates against an award of costs."). Plaintiff essentially asks the Court to pass his costs to the people who "ultimately bear the burden" of such costs: taxpayers. *Smith v. S.E. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995). The Court declines to do so.

Notably, Plaintiff has not alleged any misconduct or penalty-worthy action on the part of Defendant. *See Murphy*, 308 F. Supp. 2d at 150 ("Those costs should be denied only if there is some reason to deny costs, such as the prevailing party's misconduct, or the losing party's inability to pay."). And while Plaintiff is indigent, the Court does not find Plaintiff's indigency a compelling reason to deny costs on the facts of this case. "Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like [plaintiff] learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *Williams*, 2001 WL 913922, at *2 (quoting *McGill*, 18 F.3d at 460).

In sum, Plaintiff has failed to overcome the presumption that Defendant is entitled to costs. Thus, his motion to vacate taxation of costs is denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion to set aside the Clerk's taxation of costs is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 233.

**SO ORDERED.**

Dated:   April 8, 2026
        White Plains, New York

                                  HON. PHILIP M. HALPERN
                                  United States District Judge